| | | |
|---|---|---|
| TERESA SZEREMI, | ) | |
| | ) | |
| Plaintiff, | ) | 3:05-cv-00130 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| JO ANNE B. BARNHART | ) | [Re: Motions at Dockets 8 & 12] |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 8, Teresa Szeremi has filed a brief requesting that the court reverse the adverse decision by the Commissioner of Social Security ("Commissioner") on her application for an award of Disability Insurance Benefits and Supplemental Security Income (collectively, "benefits") and remand her case for either an award of benefits or further administrative proceedings. At docket 12, the Commissioner has filed a "motion for remand" that she intended would serve as a response to Szeremi's brief at docket 8,[1] but which the Clerk of Court is tracking as a separate motion. At docket 14, Szeremi has filed a reply in support of her brief at docket 8. Oral argument has not been requested and would not assist the court.

---

[1] Doc. 13, p. 3.

## II. STANDARD OF REVIEW

This court must "uphold the [ALJ's] decision denying benefits if the [ALJ] applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision."[2] Substantial evidence is "more than a mere scintilla, but less than a preponderence."[3]

## III. DISCUSSION

An Administrative Law Judge ("ALJ") denied Szeremi's application for benefits and the Social Security Administration's Appeals Council denied review of her appeal of the ALJ's decision. At that point, the ALJ's decision became the Commissioner's final decision. Szeremi then filed an action in this court seeking reversal of the ALJ's decision. The Commissioner agrees the ALJ's decision is flawed and must be reversed. The parties disagree to some extent about particular flaws and the scope of administrative proceedings on remand. The court will limit its discussion to those issues.

### A. The ALJ Erroneously Rejected Dr. Gary Gerlay's Opinion

The ALJ rejected Dr. Gary Gerlay's opinion on Szeremi's inability to perform sedentary work. Szeremi points to three grounds on which the ALJ allegedly relied and asserts each is improper. She argues the ALJ erred by 1) considering the fact Gerlay offered his opinion in response to questions by Szeremi's counsel; 2) failing to adequately explain how Gerlay's opinion about Szeremi's limitations was undercut by her activities; and 3) criticizing Gerlay for giving an opinion based in part on Szeremi's mental health even though he is not a psychiatrist. The Commissioner agrees – as does the court – that the first alleged error is a flaw in the ALJ's analysis,[4] and does not comment on the other two alleged errors. The court agrees the second alleged error

---

[2] *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986)).

[3] *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

[4] *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).

-2-

also is a flaw. The ALJ gave "less weight" to Gerlay's opinion "because [Szeremi] testified to varied other activities,"[5] but the ALJ did not specify which activities were questionable or explain how those activities cast doubt on Gerlay's opinion. Thus, the ALJ's reason does not meet the required "clear and convincing" standard for rejecting Gerlay's opinion.[6] As for the third alleged error, it is not clear the ALJ actually criticized Gerlay's opinion on that ground. But, even if the ALJ had relied on that ground, it would not have been a sufficient reason to reject Gerlay's opinion.[7]

Because the ALJ erred in rejecting Gerlay's opinion, the court will credit it as true.[8] The Commissioner argues that instead of crediting Gerlay's opinion as true, Ninth Circuit case law allows this court to remand for a proper evaluation of his opinion and urges the court to do that. Assuming the court has that option, the court will not exercise it. Given Szeremi's long wait for benefits – four years and counting – and the prospect of substantial delay on remand, justice would not be served by allowing an ALJ to take a second look at Gerlay's opinion.

**B. The ALJ Made Inconsistent Findings Regarding Szeremi's Residual Functional Capacity**

Szeremi and the Commissioner agree the ALJ made inconsistent findings about Szeremi's residual functional capacity ("RFC"). Szeremi does not say what should be done about that, but the Commissioner suggests "[t]his case should be remanded for the ALJ to give further consideration to [Szeremi's] maximum RFC and to provide appropriate rationale with specific references to record evidence in support of the assessed limitations."[9] The court agrees that is the appropriate course of action.

---

[5] Doc. 5, administrative record, p. 48.

[6] *Reddick*, 157 F.3d at 725 (citing *Lester*, 81 F.3d at 830).

[7] *Lester*, 81 F.3d at 833 (citing *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

[8] *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (citations omitted).

[9] Doc. 13, p. 11.

-3-

**C. The ALJ Must Reconsider Dr. Susan Klimow's Opinion**

The parties agree the ALJ erred with respect to Dr. Susan Klimow's opinion, but disagree about what the error was. Szeremi argues the ALJ failed to consider Klimow's opinion, while the Commissioner contends the ALJ failed to give reasons for rejecting it. Whatever the error, the Commissioner suggests the appropriate remedy is to remand for reconsideration of Klimow's opinion. The court agrees that is the proper remedy.

**D. The ALJ Erred in Evaluating Szeremi's Mental Impairment**

The parties agree 1) the ALJ did not follow the required method for evaluating Szeremi's mental impairment; 2) the ALJ did not consider all the evidence that is relevant to that issue; and 3) substantial evidence does not support the ALJ's conclusion that Szeremi's mental impairment is not severe. Consequently, this case must be remanded for a proper evaluation of Szeremi's mental impairment.

The following comments are intended to streamline that evaluation. The parties agree Szeremi suffered a mental impairment for longer than twelve months and so the court orders the ALJ on remand to accept that fact as true. Also, the ALJ should not base any conclusion about Szeremi's mental impairment on whether or not she sought treatment for her condition. In the Commissioner's words, "it is a questionable practice [for an ALJ] to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."[10] Finally, the parties agree the ALJ was required to, but did not, evaluate the opinion of Dr. Ron Feigin, who concluded Szeremi has a severe mental impairment. On remand, the ALJ must evaluate Feigin's opinion.

**E. The ALJ Must Re-Evaluate Szeremi's Credibility**

The parties agree the ALJ's evaluation of Szeremi's credibility was defective but disagree about why. Szeremi argues the ALJ did not properly analyze why her ability to undertake certain activities impeaches her credibility, while the Commissioner contends the ALJ's conclusion about Szeremi's credibility was undermined by the ALJ's flawed consideration of her mental impairment. The court finds both parties' concerns to be

---

[10]*Id.*, p. 7.

-4-

valid and orders that Szeremi's credibility be re-evaluated on remand in light of those concerns.

**F. The ALJ's "Step Five" Finding Was Defective**

The ALJ's "step-five" finding was that there are specific, sedentary jobs available to Szeremi. The parties agree that finding is defective because the ALJ did not cite data on the incidence of those jobs in this region. Accordingly, this case must be remanded for a new step-five finding, if such a finding remains necessary.

**G. Proceedings on Remand**

Szeremi urges the court to remand for an award of benefits or, if the court cannot determine "that Szeremi was clearly disabled on the existing record," for further proceedings consistent with this order and the concerns it highlights.[11] The court will do both. On the record, the court can determine that Szeremi was disabled, but only for the period between February 14, 2003, and July 30, 2004. Those dates are the day Gerlay began treating Szeremi and the day he gave an opinion about her limitations, respectively.[12] He confined his opinion, which has been credited as true, to the period between those dates.[13] According to Gerlay, Szeremi "[a]bsolutely [could] not" work a sedentary job eight hours a day, five days a week.[14] Thus, under Social Security regulations, between February 14, 2003, and July 30, 2004, Szeremi was disabled as a matter of law[15] and a remand for an award of benefits accruing during that time is appropriate. Further proceedings are required to resolve the issues necessary to determining whether Szeremi was disabled from the alleged onset date to February 14, 2003, and after July 30, 2004.

---

[11]Doc. 14, p. 5.

[12]Doc. 5, administrative record, pp. 370, 374.

[13]*Id.*, p. 370.

[14]*Id.*, p. 374.

[15]*See* SSR 96-8p at 1, 1 n.2 (Szeremi represents the exception set forth in footnote two for part-time work does not apply here and the Commissioner does not contest that representation).

## IV. CONCLUSION

For the reasons set out above, the motion at docket 8 is **GRANTED** in part and **DENIED** in part. The ALJ's decision is **REVERSED**, and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for 1) an award of benefits accruing between February 14, 2003, and July 30, 2004, inclusive of those dates, and 2) further proceedings on the issue of Szeremi's disability from the alleged onset date to February 14, 2003, and after July 30, 2004. Also, the Clerk of Court is directed to terminate tracking the brief filed at docket 12 as a separate motion and instead treat it as an opposition to the motion at docket 8.

DATED at Anchorage, Alaska, this 5th day of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE